**Thomas J. CROCKETT, Plaintiff-Appellee,**

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.**

**Nos. 87–3232, 87–3329.**

United States Court of Appeals, Eleventh Circuit.

July 20, 1988.

[redacted]

[redacted]

**1370**

Janice A. Kelly, Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Orlando, Fla., Michael A. Palecki, Tallahassee, Fla., for defendant-appellant.

James N. Powers, A. Thomas Mihok, Dempsey & Goldsmith, P.A., Orlando, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, ANDERSON, Circuit Judge, and ALLGOOD *, Senior District Judge.

ALLGOOD, Senior District Judge:

In March 1983 Thomas J. Crockett, sustained a total loss by fire of property insured by the defendant, State Farm Fire and Casualty Company. Crockett filed the appropriate proof of loss, but State Farm denied coverage and refused payment. First Federal Savings and Loan of New

Smyrna held a mortgage on the property for $134,000.00. State Farm negotiated with First Federal for purchase of the mortgage and in December 1983 notified the plaintiff that mortgage payments should thereafter be made to State Farm.

On April 26, 1985, Crockett filed suit against State Farm for refusing to make payment on the claim. Prior to trial the parties entered into a stipulation which read in part:

> The parties hereto, through their undersigned attorneys, stipulate and agree to the following facts that shall require no proof at trial:
>
> *  *  *  *  *  *
>
> 10. That defendant has made payment to the mortgagee First Federal Savings & Loan Association of New Symrna, in the amount of $148,616.24 and that assignment of said mortgage has been duly recorded in Volusia County, Florida. Defendants are entitled to a setoff in the event of an award to plaintiffs.

A jury returned a verdict for the plaintiff in the amount of $147,285.00. State Farm filed a motion for setoff claiming it had paid out a total of $161,550.58 as a result of a $148,616.24 payment to First Federal for payment of the mortgage, a $5,863.61 payment to First Federal as a supplemental payment and a $7,070.73 payment for taxes on the property.

Following a hearing on a variety of post-trial motions, the court ruled it would award State Farm a setoff of $137,500.00. The court noted that State Farm was notified of Crockett's claim on April 28, 1983, and under the terms of the insurance policy had sixty days to pay the claim. The court determined that payment on the loss became due and payable by State Farm on June 28, 1983. The amount allowed as a setoff was the amount due on that date.

On March 12, 1987 the court filed an Amended Final Judgment, *nunc pro tunc* as of February 20, 1987. Pursuant to that judgment, Crockett was awarded $147,-

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Ala-    bama, sitting by designation.

285.00 in damages, $62,841.70 in prejudgment interest, $1,568.80 in costs and $60,750.00 in attorney's fees. State Farm was given a setoff of $137,500.00 of the $147,285.00 award to Crockett.

On appeal State Farm contends that the district court erred in: awarding a setoff of less than the amount specified in the pretrial stipulation; awarding prejudgment interest prior to applying the setoff; and determining that the plaintiff is entitled to prejudgment interest, attorney's fees and costs.[1]

*Setoff*

■ Crockett's insurance policy provided a liability limit of $135,000.00. When fire destroyed Crockett's house, State Farm was only obligated to pay $135,000.00. State Farm denied Crockett's claim, but decided to buy the mortgage from First Federal. As a result of that decision, they incurred additional expenses in order to obtain all rights under the mortgage. The district court determined that State Farm was not entitled to a setoff for those additional amounts.

On appeal, State Farm argues that the parties had stipulated that State Farm was entitled to a setoff in the amount of $147,285.00 in the event of a verdict for the plaintiff. The stipulation clearly provided there should be a setoff, but does not specify an amount certain. Had the parties intended a setoff of that amount it could have been clearly stated. State Farm would have us read additional language into an unambiguous stipulation and reward them for their delay in acting on this claim. Neither the district court nor this court finds a stipulation to a setoff of a certain amount. The lower court made a fair and reasonable calculation of the amount due State Farm.

*Prejudgment Interest*

■ State Farm also contends that the court erred in awarding prejudgment interest prior to applying the setoff. The defendant points out that the purpose of prejudgment interest is to place the prevailing party in the position he would have been in

had he been paid when he became entitled to payment. State Farm argues that since Crockett would never have received the money paid the mortgagee, he was never deprived of anything for which he should receive interest. Additionally, that amount was paid by State Farm in 1983 and became a liquidated debt as of that date.

While it is true that payment was made to First Federal in 1983, the payment was not made for the benefit of Crockett. State Farm refused to pay the insurance claim. For whatever reason, State Farm made the decision to purchase Crockett's mortgage. We cannot agree that $148,616.24 became a liquidated debt on the day that amount was paid First Federal. Any amount due State Farm remained unliquidated until judgment was entered by the district court. This unliquidated claim in a separate matter against Crockett does not effect the plaintiff's right to recover prejudgment interest on the full amount of his claim. *Manning v. Clark,* 89 So.2d 339 (Fla.1956). In response to a similar argument the Eleventh Circuit has said that a liquidated claim is not rendered unliquidated by the existence of an unliquidated counterclaim. *United States v. Commercial Construction Corporation,* 741 F.2d 326, 329 (11th Cir.1984).

State Farm argues that Crockett should not receive interest on money which had already been paid. Had the money been paid for Crockett's benefit, there would have been no lawsuit and no prejudgment interest. State Farm's failure to pay the insurance claim resulted in a lawsuit. When a jury determined that the defendants were liable under the policy they also became liable for prejudgment interest. The earlier actions of the insurance company are not changed by their attempt to disguise it.

It is immaterial that the mortgage would have been satisfied with the money and the plaintiff would not have actually had cash in hand. If the claim had been paid, as a jury has determined it should have been, the mortgage would have been satisfied and the plaintiff would have had his prop-

---

1. The appellant also raised a jurisdictional question which was resolved prior to oral argument.

erty to sell or build on again. State Farm cannot truly believe that the plaintiff was in the position of being debt free and owning a piece of property free and clear when they bought the mortgage, as he would have been if they had paid the claim.

The Supreme Court of Florida has adopted a "loss theory" of prejudgment interest and in *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212 (Fla.1985) said:

> Under the "loss theory", however, neither the merit of the defense nor the certainty of the amount of the loss affects the award of prejudgment of interest. Rather, the loss itself is a wrongful deprivation by the defendant of the plaintiff's property. Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor.

474 So.2d 215.

Crockett is entitled to prejudgment interest on the full amount from the date of the loss.

State Farm's third contention is that Crockett was not the prevailing party thus not entitled to attorney's fees and court costs. Judgment was entered in favor of Crockett and a setoff against the award does not change that status. In addition to affirming the district court on that point, all attorney's fees and court costs associated with this appeal must also be borne by the defendants.

The court has carefully considered the arguments of the parties and the record before it and finds that the judgment of the court below should be and hereby is

AFFIRMED.